# IN THE MATTER OF THE PETITION OF Y. ANIN FOR A WRIT OF HABEAS CORPUS.

### ORIGINAL.

ARGUED FEBRUARY 9, 1906.     DECIDED FEBRUARY 9, 1906.

### FREAR, C.J., HARTWELL AND WILDER, JJ.

OATH OF SECRECY—*to witness before grand jury, not authorized.*

An oath of secrecy cannot be required of a witness before a grand jury by one of the judges of the circuit court of the first circuit.

CONTEMPT—*violation by witness of unauthorized oath, not.*

It is not a contempt of court for a witness before a grand jury to violate an oath of secrecy which was unauthorized, and one imprisoned for such alleged contempt may be released on habeas corpus.

### ORAL OPINION.

FREAR, C.J. The petitioner seeks release from imprisonment under a judgment and sentence of the circuit court for contempt in violating an oath of secrecy taken by him as a witness before the grand jury.

Of the questions suggested by the record, the only one that need be considered is whether the oath of secrecy was authorized or required by law. If it was not, there was no contempt of court.

The clause of secrecy in the oath was prescribed by a single judge of the circuit court, not by any general rule of the circuit court or of the circuit courts.

The Organic Act provides, in section 83, that the method of the presentation of cases to grand juries shall be prescribed by the supreme court of the Territory, and in pursuance of that power or duty the supreme court has prescribed, by Rule 14 of the rules relating to grand juries, the form of oath to be administered to witnesses before grand juries—which does not contain a clause of secrecy. It is at least a question whether this provision of the Organic Act and the rule made in pursuance of it are not exclusive. But, however that may be, in the opinion of the court, the judge of the circuit court who prescribed the clause of secrecy was without authority of law to make that requirement. In the absence of any law or rule authorized by law requiring an oath of secrecy and in the absence of any legal order against divulging the transactions of the grand jury, there could be no contempt of court in divulging such secrets on the part of a witness before the grand jury.

Accordingly the writ must be allowed and the petitioner discharged from custody, and it is so ordered.

*Thompson & Clemons* and *A. S. Humphreys* for petitioner were not called.

*F. W. Milverton, Deputy Attorney General,* contra.